UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JESSICA WAGONER, on behalf of herself
and all others similarly situated,

       Plaintiff,

   v.

N.Y.N.Y., INC. D/B/A NEW YORK
NEW YORK CABARET,

       Defendant.

Case No: 1:14-cv-480

Judge Michael R. Barrett

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Jessica Wagoner's ("Plaintiff") Motion to Dismiss Defendant N.Y.N.Y., Inc. d/b/a New York New York Cabaret's ("Defendant") Counterclaims. (Doc. 8). Defendant has filed a response in opposition (Doc. 11), and Plaintiff has filed a reply (Doc. 13). This matter is ripe for review.

**I.    BACKGROUND**

From December 2013 through March 2014, Plaintiff worked as an exotic dancer at Defendant's adult entertainment club in Franklin, Ohio. (Doc. 1, PageId 4). On April 16, 2014, Plaintiff filed a class and collective action complaint asserting claims for violations of the Fair Labor Standards Act ("FLSA") and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"). (Doc. 1). In particular, Plaintiff alleges that Defendant failed to properly pay Plaintiff and other similarly situated dancers the minimum wage or for overtime worked in excess of forty hours per week. (Id.).

In response, Defendant filed two counterclaims. (Doc. 5, PageId 50-54). In the counterclaims, Defendant makes the following pertinent allegations:

1

- "At all times, the Entertainers performed as independent contractors under an agreement with Counter-Plaintiff under which they were permitted to appear, and appeared from time to time at NYNY on dates and at times that were scheduled by each Entertainer." (Doc. 5, PageId 44).

- "To this end, the Entertainers executed an Entertainer Tenant Space Lease Application . . . to perform at NYNY." (Doc. 5, PageId 44).

- "Additionally, it is Counter-Plaintiff's business practice to have entertainers enter into written agreements with it. The terms of the agreement and/or the parties' oral agreement, and/or their agreement in practice all had a lawful objective, including, but not limited to, establishing how the proceeds from individual (non-stage) dances were to be allocated between Counter-Plaintiff and the Entertainers." (Doc. 5, PageId 44).

- "Pursuant to the Application executed by Plaintiff on December 26, 2013, Plaintiff acknowledged that she was leasing space at NYNY and selected the days and times she wished to perform." (Doc. 5, PageId 44).

- "The Entertainers agreed to perform erotic dances as independent contractors at NYNY directly for the patrons of the establishment, and strictly and solely in exchange for compensation paid directly by the patrons of NYNY to the Entertainers in question." (Doc. 5, PageId 45).

- "The Entertainers would pay a daily tenant fee of up to $25.00 or less depending on the day and time they choose to perform, and up to $5.00 per couch dance." (Doc. 5, PageId 45).

- "Customarily, the patrons at NYNY paid to the Entertainers $25.00 for each couch dance. . . . However, the Entertainer could charge a patron more or less than said $25.00 per couch dance." (Doc. 5, PageId 46).

- "In addition to any fees they might receive directly from patrons for the couch dance performances, the Entertainers also receive 'gratuities' above and beyond their set fees. These are in addition to any monies they might receive in connection with dances performed on the main stage." (Doc. 5, PageId 46).

- "The Entertainers retain all of their 'tips' or 'gratuities', either by their express agreement and/or by their actions." (Doc. 5, PageId 46).

- "Many of the dances offered by the Entertainers were and are presented on a stage of NYNY. These dances are presented in view of patrons generally, and were visible to NYNY staff as well. The right to perform these dances, in exchange for whatever 'gratuities' might be offered by appreciative patrons, was and is afforded the Entertainers in exchange for the daily performance fee described above. The Entertainers solely received these 'gratuities.'" (Doc. 5, PageId 46).

- "The Entertainers, including the Plaintiff, earned far more than the minimum standards provided for under the FLSA[.]" (Doc. 5, PageId 47).

- "As noted in the Agreement, and specifically Section 7 therein, the Entertainers expressly recognize that they will perform, and agree to perform as independent contractors in NYNY, expressly disavow the existence, the intention and the desire to enter into an employment relationship, and expressly recognize that they will provide services directly to patrons in exchange for compensation by patrons." (Doc. 5, PageId 47).

- "The Entertainers were and are advised of, and voluntarily agree to abide by, the terms summarize[d] herein, and were and are given to understand, did and do understand, and further represented that they understood that they were not and are not employees of Counter-Plaintiff, but rather independent contractors whose sole compensation comes from whatever compensation and 'gratuities' are provided by patrons in exchange for dance performances."  (Doc. 5, PageId 47).

- "At all times relevant hereto, the Entertainers performed at NYNY in exchange for compensation that received from patrons. . . . At all times relevant hereto, the Entertainers paid to Counter-Plaintiff only those agreed-upon fees described above."  (Doc. 5, PageId 47).

- "In consideration for the promises of those Entertainers, Counter-Plaintiff agreed to permit the Entertainers to present dance performances at NYNY, to charge patrons fees, and to accept from patrons gratuities in exchange for providing such entertainment on the terms stated herein, and the Entertainers agreed to pay a daily fee and a small portion of dance fees to Counter-Plaintiff in exchange for the benefits and at the rates described herein." (Doc. 5, PageId 50-51).

The first counterclaim for breach of contract seeks an offset and/or return of dance fees paid to Plaintiff and other putative class members (collectively, "dancers") pursuant to their Entertainer Tenant Space Lease Agreement to perform as independent contractors at Defendant's facility. (Id., PageId 50-51). Defendant contends that the dancers agreed that the dance fees could be collected by Defendant if they were employees, and that by retaining the dance fees while claiming to be employees, they have breached the agreement.  (Id., PageId 51). The second counterclaim for unjust enrichment alleges that the dancers benefited from using Defendant's facilities, personnel, advertising, goodwill, and other assets to generate and retain revenue while Defendant retains no benefit from the use of its assets and labor and the dance sales generated

3

thereby. (Id., PageId 44-45, 54). Defendant seeks an offset of liability arising from the claims of the dancers, as well as an accounting and award of all dance fees (exclusive of tips) retained by the dancers. (Id.).

## II.  LEGAL STANDARD

When reviewing claims pursuant to Fed. R. Civ. P. 12(b)(6), the court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Bassett v. Nat'l Collegiate Athletics Ass'n,* 528 F.3d 426, 430 (6th Cir. 2008). "[T]o survive a motion to dismiss[,] a complaint must contain 1) 'enough facts to state a claim to relief that is plausible,' 2) more than 'a formulaic recitation of a cause of action's elements,' and 3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M&G Polymers, USA, LLC,* 561 F.3d 478, 488 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 570 (2007)). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *see also In re Sofamor Danek Grp.,* 123 F.3d 394, 400 (6th Cir. 1997) (stating that a court "need not accept as true legal conclusions or unwarranted factual inferences"). Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 556).

## III.  ANALYSIS

The parties' briefings raise multiple arguments addressing whether Defendant's counterclaims should be dismissed. As discussed *infra*, the Court finds that Defendant's counterclaims should be dismissed.

### A.  Nature of and Exercise of Jurisdiction Over Defendant's Counterclaims

Plaintiff and Defendant dispute whether Defendant's counterclaims are compulsory. Plaintiff argues that the counterclaims are permissive only because the resolution of the counterclaims requires a different legal and factual analysis than the FLSA and OMFWSA claims of Plaintiff. Defendant, on the other hand, argues that the counterclaims are compulsory, and the fact that they are contingent upon the outcome of Plaintiff's claims does not render them invalid.

Under Federal Rule of Civil Procedure 13(a), a compulsory counterclaim must be asserted by the opposing party. A counterclaim is compulsory if it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim" and "does not require adding another party over whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a). On the other hand, a counterclaim is permissive if it does not arise from the same transaction or occurrence as the plaintiff's claim. Fed. R. Civ. P. 13(b). If a defendant does not bring a claim in the pending action, it will not be deemed waived and the defendant is free to bring an independent cause of action. Fed. R. Civ. P. 12(b).

Here, the counterclaims asserted by Defendants are properly characterized as permissive. While the dance fees are at issue in both Plaintiff's claims and Defendant's counterclaims, that is not enough to render the counterclaims compulsory. Plaintiff's claims will be based predominately on whether the dancers were properly characterized as independent contractors and will focus on the number of hours worked and whether the dancers were properly compensated. While the Court may be required to consider whether the dance fees constitute tips or service charges under the statutory provisions of the FLSA and OMFWSA, the labels placed on the employment relationship and the dance fees in the agreement between Plaintiff and Defendant will not control. *Donovan v. Brandel*, 736 F.2d 1114, 1116 (6th Cir. 1984); *see also*

5

*Doe v. Cin-Lan, Inc.,* No. 08-cv-12719, 2010 U.S. Dist. LEXIS 16447, at *10 (E.D. Mich. Feb. 24, 2010). Though the outcome of the minimum wage determinations may also impact Defendant's breach of contract counterclaim, that breach of contract counterclaim seeks affirmative relief and will require investigation into the validity of the contract Plaintiff entered into with Defendant and whether Plaintiff breached that contract. Further, Defendant's breach of contract and unjust enrichment counterclaims do not arise from the alleged failure of Defendant to pay the dancers as required under the FLSA and OMFWSA while they worked at Defendant's facility. Rather, the breach of contract claim is premised upon Plaintiff's filing of this lawsuit *after* her relationship with Defendant ended in contravention to the terms of the agreement, while the unjust enrichment counterclaim is premised on the same theory as the breach of contract counterclaim and will not accrue unless and until a favorable ruling for Plaintiff on her claims in this case. Those counterclaims thus are separate and independent from the claims asserted by Plaintiff in this case.[1]

    Other federal courts frequently have held that a defendant's state law counterclaims based on breach of contract or other state common laws do not arise out of the same occurrence as a plaintiff's claims for statutory minimum wage. *See, e.g.*, *Hose v. Henry Indus.*, No. 13-2390, 2014 U.S. Dist. LEXIS 47474, at *6-7 (D. Kan. 2014) (concluding that indemnification claim premised on a written document that would carry minimal weight in the classification of the plaintiff for FLSA purposes should be dismissed because it was permissive rather than compulsory given that it involved different legal and factual issues); *Morris v. Blue Sky Mgmt., LLC*, No. 11-00979-CV, 2012 U.S. Dist. LEXIS 19731, at *9-10 (W.D. Mo. Feb. 16, 2012) (holding that counterclaims for breach of contract, breach of fiduciary duty, breach of duty of

---

[1] Further, to the extent Defendant's seek to have the dance fees applied as wages under the statutory provisions, that is an affirmative defense (which Defendant pleads) that is governed by the relevant statutory provisions and not by contract or state common law claims.

loyalty, and unjust enrichment did not share a common nucleus of operative fact with the plaintiff's FLSA claim even though the question of whether the plaintiff was an exempt worker as defined by the FLSA was pertinent to both claims); *Wilhelm v. TLC Lawn Care, Inc.*, No. 07-2465, 2008 U.S. Dist. LEXIS 19911, at *6 (D. Kan. Mar. 6, 2008) (recognizing that plaintiff's FLSA and state wage claims are not sufficiently connected to defendant's counterclaims for misappropriation of trade secrets, breach of the duty of loyalty, civil conspiracy, breach of fiduciary duty, and accounting of profits because the only connection was the parties' employment relationship).[2]

The permissive nature of the counterclaims, however, does not automatically preclude Defendant from asserting them in this action. The question is whether the Court should exercise supplemental jurisdiction over the counterclaims.[3]

When a claim is so related to the claims in the original action within such original jurisdiction that they form part of the same case or controversy, a district court has supplemental jurisdiction over the claim. 28 U.S.C. § 1367(a). A district court, however, may decline to exercise supplemental jurisdiction if:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

---

[2] The Court acknowledges, however, that a district court in this circuit has found otherwise under similar circumstances. *Doe v. Cin-Lan, Inc.*, No. 08-cv-12719, 2010 U.S. Dist. LEXIS 16447, at *18 (E.D. Mich. Feb. 24, 2010).

[3] Defendant has not argued or shown that diversity jurisdiction is present in this case. (*See* Doc. 1; Doc. 5).

28 U.S.C. § 1367(c). In deciding whether to decline supplemental jurisdiction, the district court should be guided by an assessment of judicial economy, fairness, convenience, and comity. *James v. Hampton*, 592 F. App'x 449, 462-63 (6th Cir. 2015) (citing *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993)).

Some federal courts have been hesitant to find that state laws claims form part of the same case or controversy as the statutory minimum wage claims of a plaintiff. *See, e.g.*, *Lyon v. Whisman*, 45 F.3d 758, 763 (3d Cir. 1995) (declining to exercise supplemental jurisdiction over state law contract and tort law claims because they did not have a common nucleus of operative fact with the plaintiff's FLSA claim); *Morris*, 2012 U.S. Dist. LEXIS 19731, at *11-12 (determining that a FLSA claim and counterclaims deriving from a contractual relationship between the employer and its worker do not derive from a common nucleus of operative fact); *Williams v. Long*, 558 F. Supp. 2d 601, 604 (D. Md. 2008) (holding that factual and legal issues raised by plaintiff's FLSA claims and defendant's breach of contract, breach of fiduciary duty, and invasion of privacy claims did not have same factual and legal basis, and stating that "[f]ederal courts have been reluctant to exercise supplemental jurisdiction over state law claims and counterclaims in the context of a FLSA suit where the only connection is the employee-employer relationship."); *Hyman v. WM Fin. Servs.*, No. 06-cv-4038, 2007 U.S. Dist. LEXIS 41433, at *11-13 (D.N.J. June 7, 2007) (declining to exercise supplemental jurisdiction over state law breach of contract claim, among other state claims, because it diverged factually from plaintiff's FLSA claim and the only link was the general employer-employee relationship); *Whatley v. YWCA of Northwest La., Inc.*, No. 06-423, 2006 U.S. Dist. LEXIS 31129, at *9-10 (W.D. La. May 18, 2006) (declining to exercise supplemental jurisdiction over state law claims where the only nexus between plaintiff's FLSA claim and the state law claims for invasion of

8

privacy, conversion, and intentional and negligent infliction of emotional distress was the employer-employee relationship).

Even if the Court determined that the state law claims were so related to form part of the same case or controversy, it could still decline to exercise supplemental jurisdiction over the counterclaims because there are other compelling reasons for declining jurisdiction. Federal courts have cautioned against allowing the addition of set-off claims involving employment disputes in FLSA cases. *See, e.g.*, *Donovan v. Pointon*, 717 F.2d 1320, 1323 (10th Cir. 1983) (rejecting attempts by defendant to assert set-offs, counterclaims, and third-party complaints for alleged sums of money due to him in a FLSA case, stating that "[t]o permit him in such a proceeding to try his private claims, real or imagined, against his employees would delay and even subvert the whole process"); *Jones v. JGC, LLC*, No. 3:11-cv-2743, 2012 U.S. Dist. LEXIS 133867, at *13 (N.D. Tex. Aug. 17, 2012) ("The breach of contract and unjust enrichment counterclaims for set-offs [by the value of dance fees the plaintiffs received under the parties' agreements] are not permitted in this FLSA action and should be dismissed without prejudice). As explained in *Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir. 1974), *overruled on other grounds, McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988):

> The FLSA decrees a minimum unconditional payment and the commands of that Act are not to be vitiated by an employer, either acting alone or through the agency of a federal court. The federal courts were not designated by the FLSA to be either collection agents or arbitrators for an employee's creditors. Their sole function and duty under the Act is to assure to the employees of a covered company a minimum level of wages. Arguments and disputations over claims against those wages are foreign to the genesis, history, interpretation, and philosophy of the Act. The only economic feud contemplated by the FLSA involves the employer's obedience to minimum wage and overtime standards. To clutter these proceedings with the minutiae of other employer-employee relationships would be antithetical to the purpose of the Act. Set-offs against back pay awards deprive the employee of the "cash in hand" contemplated by the Act, and are therefore inappropriate in any proceeding brought to enforce

> the FLSA minimum wage and overtime provisions, whether the suit is initiated
> by the individual employees or by the Secretary of Labor.

491 F.2d at 4.

Here, Defendant seeks more than a defensive offset in its counterclaims as permitted under the FLSA; instead, it seeks affirmative relief for damages arising from Plaintiff and/or others asserting the statutory rights to be properly classified and compensated under the FLSA. The statutory scheme of the FLSA provides for certain offsets and credits when appropriate, and no separate affirmative common law counterclaim is necessary to adjudicate those issues. Indeed, Defendant has pled offset and entitlement to credit for the dance fees as affirmative defenses. As such, counterclaims raising other minutiae of employer-employee relationships are contrary to the purposes of the statutory provisions.

Although the above factors weigh against exercising supplemental jurisdiction, the interests of judicial economy and fairness support exercising supplemental jurisdiction over the counterclaims. It would be inefficient and unnecessarily burdensome to require multiple cases be filed to adjudicate these issues. While the counterclaims do not completely overlap with Plaintiff's minimum wage claims, the Court finds it appropriate to exercise supplemental jurisdiction over them here.

### B. Whether Defendant's Counterclaims Fail to State a Claim upon which Relief May Be Granted

Plaintiff argues that Defendant's theory for breach of contract and unjust enrichment are legally impermissible because they improperly seek to circumvent the requirements of the FLSA and OMFWSA. In opposition, Defendant asserts that its claims are plausible and do not undermine the requirements of the FLSA and OMFWSA.

The Court agrees with Plaintiff that the counterclaims fail to state a claim upon which relief may be granted. The breach of contract claim is focused entirely on the recovery of dance

fees as a result of bringing this lawsuit, which is a creative attempt to circumvent the protections of the FLSA and OMFWSA. Individuals may not contract away the right to be classified and compensated properly or the right to be free from retaliation for enforcing those statutory rights. *Barrentine v. Arkansas-Best Freight Sys.*, 450 U.S. 728, 740 (1981) ("FLSA rights cannot be abridged by contract or otherwise waived because this would nullify the purposes of the statute and thwart the legislative policies it was designed to effectuate.") (internal quotation marks omitted); *Boaz v. FedEx Customer Info. Servs.*, 725 F.3d 603, 607 (6th Cir. 2013) (finding invalid provision of employment agreement in which worker agreed to shorten the statute of limitations for a FLSA claim on the ground that employment agreements cannot be utilized to deprive workers of their FLSA rights); *Imars v. Contractors Mfg. Servs., Inc.*, 165 F.3d 27, 1998 U.S. App. LEXIS 21073, at *15 (6th Cir. 1998) (recognizing that contractual intention should be rejected in consideration of FLSA cases). Indeed, the FLSA is designed to defeat rather than implement contractual arrangements. *Imars*, 1998 U.S. App. LEXIS 21073, at *15. To allow the recovery sought would be antithetical to the long-standing principles of the FLSA and its state law counterpart, as the protection afforded by the contract fall short of that provided by those wage laws. *See Barrentine*, 450 U.S. at 740; *Boaz*, 725 F.3d at 607; *Imars*, 1998 U.S. App. LEXIS 21073, at *15; *Brennan*, 491 F.2d at 4; 28 U.S.C. §§ 215(a)(3), 218c; Ohio Constitution, Art. II, § 34a.[4] For similar reasons, the labels that an employer places on the employment relationship or on the nature of monies received by the workers are not binding. *Donovan v. Brandel*, 726 F.2d 1114, 1116 (6th Cir. 1984). Those determinations are reserved for the courts in applying and enforcing the provisions of the FLSA, and are not a matter of contract for the

---

[4] *See also Cincinnati City Sch. Dist. Bd. of Educ. v. Conners*, 132 Ohio St. 3d 468, 472 (2012); *Pittsburgh, C., C. & S. L. R. Co. v. Kinney*, 95 Ohio St. 64 (1916).

parties. *Id.; see also Barrentine*, 450 U.S. at 740.[5] Given that the provisions of the contract upon which Defendant rely for the breach of contract counterclaim are invalid because they operate as impermissible waivers of the dancers' rights under the federal and state wage laws, the counterclaim must be dismissed for failure to state a claim upon which relief may be granted.

The unjust enrichment claim is premised on the same arguments as the breach of contract counterclaim, and for that reason, cannot plausibly succeed. *Barrentine*, 450 U.S. at 740; *Boaz*, 725 F.3d at 607; *Imars*, 1998 U.S. App. LEXIS 21073, at *15; *Brennan*, 491 F.2d at 4; 28 U.S.C. §§ 215(a)(3), 218c; Ohio Constitution, Art. II, § 34a. Again, to allow otherwise would permit Defendant to circumvent the comprehensive and uniform wage schemes that are intended to protect all individuals performing covered work, and would undermine the deterrent role of the FLSA and its state counterpart. *Barrentine*, 450 U.S. at 741 (recognizing congressional purpose of achieving a uniform policy, and stating that employees "are not to be deprived of the benefits of the Act simply because they are well paid"); *Hart v. Rick's Cabaret,* 967 F. Supp. 2d 901, 934-35 (S.D.N.Y. 2013) (declining to conclude that dancers were unjustly enriched at the employer's expense by virtue of retaining dance fees and receiving award of minimum wage); *Imars*, 1998 U.S. App. LEXIS 21073, at *15 (recognizing that the FLSA is designed to protect both the weakly positioned employees as well as the more productive ones). Accordingly, the

---

[5] Unlike in *Doe v. Cin-Lan, Inc.*, No. 08-cv-12719, 2010 U.S. Dist. LEXIS 16447, at *11-13 (E.D. Mich. Feb. 24, 2010), this Court need not address whether other provisions of the agreement may be enforceable. As alleged, the breach of contract claim rises and falls with a breach by the worker by virtue of seeking to be reclassified as employees and the requirement that they return all dance fees owed. As explained *supra*, the contractual provisions are non-binding on the dancers, and also are non-dispositive of any issues raised in the Plaintiff's statutory wage claims. Further, neither the analysis in *McFeeley v. Jackson St. Entm't, LLC*, No. DKC 12-10192012, U.S. Dist. LEXIS 167393 (D. Md. Nov. 26, 2012 nor the analysis in *Ruffin v. Entm't of the Eastern Panhandle*, 845 F. Supp. 2d 762, 768 (N.D. W. Va. 2011), addresses the broader principles and protections of the FLSA that preclude the counterclaims in this case.

unjust enrichment counterclaim must be dismissed for failure to state a claim upon which relief may be granted.[6]

### III.	CONCLUSION

Consistent with the foregoing, Plaintiff's motion to dismiss (Doc. 8) is **GRANTED**, and Defendant's breach of contract and unjust enrichment counterclaims are hereby **DISMISSED**.

**IT IS SO ORDERED.**

s/Michael R. Barrett  
JUDGE MICHAEL R. BARRETT  
UNITED STATES DISTRICT COURT

---

[6] In light of the above conclusions, the Court need not reach the additional arguments relating to whether Defendant's counterclaims were sufficiently pled.  Although the contested issue of whether the dance fees are tips or service charges that Defendant may apply to any wages it allegedly owes still must be resolved in this lawsuit because it has been raised as an affirmative defense, that issue is reserved for a future ruling after further development of the factual record given that it is not pertinent to resolution of the motion presently before the Court.